**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| CARYL LEE RAY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:24-cv-748 |
| CITY OF ANDALUSIA PUBLIC ) | |
| LIBRARY AND THE CITY OF ) | |
| ANDALUSIA ) | JURY DEMAND |
| ) | |
| DEFENDANTS. ) | |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action alleging discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C 621, et. seq. Plaintiff is an individual over the age of 40. Plaintiff was discriminated against due to her age in violation of the ADEA. Plaintiff has a disability and had a history of disability. Defendants discriminated against her based on her disability in violation of the ADA, Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. 12101 et. seq. Plaintiff seeks injunctive relief, equitable relief, instatement, back pay, front pay, compensatory, liquidated damages, and reasonable attorney fees and costs.

## II.     JURISDICTION

2. This Court has jurisdiction in accordance with 28 U.S.C. Venue is proper pursuant to 28 U.S.C. 1391.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under the ADEA and the and the ADA. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. On August 22, 2024, the Equal Employment Opportunity Commission issued a Right to Sue Notice. Plaintiff timely filed this lawsuit.

## III.    PARTIES

4. Plaintiff Caryl Lee Ray is an individual over the age of 19 years and a resident of Covington County, Alabama. Plaintiff is qualified to perform the job of Director of the Andalusia Public Library with Defendants.

5. Defendant Andalusia Public Library is in Covington County, Alabama. Defendant Andalusia Public Library is an "employer" as defined under Title I of the ADA and the ADEA and is subject to compliance under the statutes. Defendant City of Andalusia is an "employer" as defined under the ADA and Title I of the ADEA and is subject to compliance under the statutes. Defendants conducted business and are located in Covington County, Alabama.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff became the Assistant Director of the Andalusia Public Library in 2020 after being employed as a Children's Librarian since 2008 by the Defendants.

7. Plaintiff is 54 years old.

8. In June 2024, the position of Director of the Andalusia Public Library became available, and Plaintiff applied.

9. Pursuant to the job posting, the position qualifications required either a Master's degree in library science or years of experience as a librarian.

10. Plaintiff met the posted qualifications.

11. On or about July 30, 2024, Plaintiff was informed that Sara Mixson had been selected for the position.

12. Sara Mixson does not meet the posted qualifications, having no degree and never having worked as a librarian. Mixson is in her early to mid-40's.

13. Plaintiff is a qualified individual with a "disability," as that term is defined by the Americans with Disabilities Act, after losing fingers in an on-the-job accident and being required to take prescribed opiates for the pain.

14. Plaintiff could perform the essential functions of the job of Director of the Andalusia Public Librarian with or without reasonable accommodations.

15. Through the actions and inactions described above, Plaintiff believes Defendants discriminated against her based on her age or her disability, history of a disability, and Defendants' perception of Plaintiff as disabled.

16. Defendants failed to engage in the interactive process and failed to provide reasonable accommodation, if needed.

17. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

18. Defendants' actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## V. CAUSES OF ACTION

### COUNT I – CLAIM OF DISCRIMINATION PURSUANT TO TITLE I OF THE AMERICANS WITH DISABILITIES ACT– DISPARATE TREATMENT

19. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

20. Plaintiff is a person with a disability and had a history of a disability. See 42 U.S.C. 12102.

21. Defendants are covered entities and are employers in accordance with 42 U.S.C. 12111(5).

22. Plaintiff is a qualified individual as defined under the ADA. See 42 U.S.C. 12111.

23. Under the ADA, Defendants are prohibited from discriminating against Plaintiff by excluding or otherwise denying equal jobs or benefits to her, a qualified individual, because of the known disability. 42 U.S.C. 12112(a) and (b)(4).

24. The ADA's protection against discrimination also prohibits utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability. 42 U.S.C. 12112(b)(3)(A).

25. Defendants were aware of Plaintiff's disability and history of disability. Defendants denied Plaintiff the promotion described above, discriminated against Plaintiff based on her disability, history of a disability, their perception of her as disabled, failed to engage in the interactive process and failed to provide a reasonable accommodation, if needed, in violation of the ADA.

26. In failing to promote Plaintiff, Defendants have maliciously, intentionally, and with reckless disregard discriminated against Plaintiff as a person with disability and a record of disability and has otherwise classified and segregated Plaintiff in a way that has adversely affected her job opportunities because she is a person with a disability and a history of disability. See 42 U.S.C. 12112.

27. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

28. Defendants' actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT II – CLAIM OF DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

30. In July 2024, Plaintiff was a 54-year-old female and a member of the protected class under the ADEA.

31. Plaintiff was subjected to discrimination and not promoted.

32. Sara Mixson, a younger female who Defendants hired as the Director of the Andalusia Public Library, failed to meet posted job requirements and Defendants' reasons for its actions, including failure to promote Plaintiff, were pretext for age discrimination.

33. Defendants do not have a non-discriminatory reason for their conduct.

34. Plaintiff was not promoted in favor of an individual of a much younger age.

35. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

36. Defendants' actions were willful, with malice and with reckless disregard.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants, including the action taken against Plaintiff by Defendants, are violative of Plaintiff's rights as secured by the Americans with Disabilities Act and/or the ADEA.

2. Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants, and at the Defendants' request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to the Americans with Disabilities Act, and/or the ADEA.

3. Award Plaintiff damages including instatement, back pay, front pay, compensatory damages, and liquidated damages.

4. Award Plaintiff reasonable costs, attorney's fees and expenses.

5. Award such other relief and benefits as the cause of justice may require.

          Respectfully submitted,

          */s/ Russell W. Adams.*
          Russell W. Adams (asb-376 0A62R)
          WIGGINS, CHILDS, PANTAZIS,
          FISHER & GOLDFARB, L.L.C.
          The Kress Building
          301 19th Street North

                                                      Birmingham, Alabama 35203
                                                      Telephone: (205) 314-0500
                                                      radams@wigginschilds.com

**Defendants Addresses:**
The Andalusia Public Library
c/o John Thompson, City Clerk
505 East Three Notch Street
Andalusia, Alabama 36420

City of Andalusia
c/o John Thompson, City Clerk
505 East Three Notch Street
Andalusia, Alabama 36420

        **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

                                                    */s/ Russell W. Adams*
                                                    OF COUNSEL